## DANIEL ATWOOD *versus* TIMOTHY COBURN.

Where the maker of a note authorised an agent to offer $30, for the note, such an offer not accepted, was held not to revive the debt against a plea of the statute of limitations.

Where the maker of a note said that he owed the debt, but was unable to pay it, and that he was determined to pay it, this was held not to be evidence of an unconditional promise to pay.

ASSUMPSIT upon a note dated October 27, 1814, for $159, 88, payable to the plaintiff.

The defendant pleaded in bar that the cause of action did not accrue within six years before the commencement of the action. The plaintiff replied, that the defendant did promise within six years, and, upon this, issue was joined.

The cause was tried here at September term, 1827, when it appeared in evidence, that in the year 1820, the defendant said to one S. Hobbs, that he owed the debt and wished Hobbs to take up the note provided he could obtain it for $20. Hobbs told him he thought the note could not be obtained for that sum, upon which the defendant said that Hobbs might give $30 if he could obtain the note.

In the year 1822, Coburn said to Hobbs that he owed the debt, but was then not able to pay it ; that he was determined to pay the debt and not cheat Atwood nor any other creditor ; but if Atwood was going to trouble him, he would ask no favors, and should not be caught in New Hampshire.

The court instructed the jury that the said declaration made by the defendant in 1820, amounted to a promise to pay $30, sufficient in law to take the case out of the statute of limitations to the amount of $30, and that if they were satisfied that the defendant, in the conversation with Hobbs in 1822, intended to declare his intention unconditionally to pay the debt, the evidence was sufficient to maintain the issue on the part of the plaintiff.

The jury returned a verdict in favor of the plaintiff for the whole amount of the note, and the defendant moved for a new trial, on the ground that the jury had been misdirected.

*Mc Gaw* and *Bell*, for the plaintiff.

*Porter*, for the defendant.

RICHARDSON, C. J. We have decided that the acknowledgment of a subsisting debt does not take a case out of the statute of limitations, but that such acknowledgment is evidence from which a jury may, if there be nothing to rebut it, presume a promise to pay which will take a case out of the statute. 2 N. H. Rep. 425, *Stanton* v. *Stanton* ; 3 B. & A. 141, *Mount Stephen* v. *Brooks*.

There are cases, in which it seems to have been held that a simple acknowledgment of a subsisting debt, would take a case out of the statute, although the party who made the acknowledgment expressed at the time an intention not to pay. Cowper, 548 ; 4 East, 599, *Bryan* v. *Horseman* ; 2 Starkie, 98, *Thompson* v. *Osborne* ; 2 D. & E. 760, *Lloyd* v. *Maund* ; 16 East, 420, *Leaper* v. *Talton*.

But the better opinion at this day is, that such an acknowledgment is only evidence from which a jury may, if there be nothing to the contrary, infer a promise which will take a case out of the statute ; and that a jury cannot infer a promise from such an acknowledgment, when the party who makes it, expresses at the time an intention not to pay. 3 Bing. 329, *A'Court* v. *Cross* ; 2 Pick. 368, *Bangs* v. *Hall* ; 4 M. & S. 457, *Rowcroft* v. *Lomas* ; 2 B. & A. 760, *Swan* v. *Sowell* ; 15 Johns. 511, *Sands* v. *Gelston* ; 11 ditto, 146, *Danforth* v. *Culver* ; 3 Taunt. 380, *Coltman* v. *Marsh*.

And when there is an admission of an existing debt, and at the same time an express promise to pay upon certain conditions, and under certain limitations, no implied promise can be inferred from such admission, which is inconsistent with such conditional or limited promise. 1 H. Bl. 116, *Besford* v. *Saunders* ; 4 Esp. N. P. C. 36,

*Davies* v. *Smith* ; 1 Pick. 368, *Robbins* v. *Otis* ; 13 Johns. 510, *Mosker* v. *Hubbard*.

When the expressions used in making admissions are doubtful, it may be submitted to a jury to say whether there was an admission of a debt. 1 Bing. 266, *Frost* v. *Bengough* ; 2 D. & E. 760, *Lloyd* v. *Maund*.

But when there is no doubt as to what the admissions were, it is a question of law, whether the admissions are, under the circumstances, competent evidence from which a jury may infer a promise to pay. 1 New R. 20, *Bicknell* v. *Keppell* ; 7 Taunt. 608, *Hellings* v. *Shaw* ; 1 Starkie's N. P. C. 7, *De la Torre* v. *Barclay* ; 3 Bing. 329 ; 3 ditto, 119, *Colledge* v. *Horn*.

These principles are easily applied to the case now before us.

In 1820, the defendant admitted that he owed the debt. This admission, if it had stood alone, would have been evidence, from which a jury might have presumed a promise to pay. But he did not stop here. Instead of leaving his intentions to be inferred from the admission that there was a debt, he proceeded to state expressly what he would do, and authorized Hobbs to take up the note, if he could obtain it for $30. This evidence, then, proves nothing more than an offer to pay thirty dollars, on condition that the note should be given up, and if Atwood had accepted the proposition and offered to give up the note for that sum, we entertain no doubt that the defendant would have been liable to pay the $30. But whether the offer was actually made to the plaintiff by Hobbs does not appear ; nor, if it were made, does it appear that it was accepted. And we are of opinion, that such an offer, not accepted, can have no effect to take a case out of the statute of limitations. 13 Johns. 288, *Lawrence* v. *Hopkins*.

We are therefore of opinion, upon this part of the case, the jury were misdirected.

But as it is manifest that the verdict was founded upon the other evidence in the case, this misdirection will not

be a sufficient ground for granting a new trial, provided the other evidence was sufficient to sustain the verdict.

This other evidence is, that in 1822, the defendant said that he owed the debt, but was then unable to pay it, and that he was determined to pay the debt, and not cheat Atwood nor any other creditor.

It would be absurd to say, that from the simple admission by the defendant that he owed the debt a jury might presume an absolute unconditional promise to pay, although he declared at the same time that he was unable to pay. But the defendant said he was determined to pay. If this had stood alone, it might perhaps have been considered as tantamount to an express promise which would have taken the case out of the statute. But this was only a part of what he said at the time, and to ascertain its real meaning it must be taken in connexion with the residue.

He was determined to pay—when? Surely not at that time, for he then expressly declared that he was unable to pay. It seems to us that the most to which this can be construed to amount, when taken in connexion with the rest, is a promise to pay when he should be able, and that this cannot take the case out of the statute, until the ability of the defendant to pay is shown.

We are therefore of opinion that the jury ought to have been instructed that this evidence was not in law sufficient to maintain the issue on the part of the plaintiff, and that it ought not to have been left to them to infer from it an absolute promise to pay. The verdict must therefore be set aside, and

*A new trial granted.*