## R. RUSSELL and another administrator *versus* J. W. COPP.

When a case is to be taken out of the statute of limitations by a new promise to be raised by implication of law from the acknowledgement of the party, such acknowledgment ought to contain an unqualified and direct admission of a subsisting debt, which the party is liable and willing to pay.

ASSUMPSIT upon a note made by the defendant, and dated 15th April, 1815, for $700, payable to David Copp, of whose estate the plaintiffs are administrators with the will annexed, on demand.

Pleas, the general issue and the statute of limitations. The cause was tried here at August term, 1829, and a verdict taken for the defendant by consent, subject to the opinion of the court upon the following case.

David Copp, the payee of said note, in 1805, conveyed to the defendant a farm, for which the defendant, being the son of the said David, gave two notes; and having made payment in part of said two notes, gave the note

in question for the balance due. Within six years before the commencement of this action, and after the decease of the said David, this note was placed in the hands of an attorney for collection, and the attorney presented the same to the defendant for payment, upon which the defendant said, at first, that he did not think his father meant he should pay it ; afterwards he said he thought he had paid it to his brother William.

He requested the attorney not to sue it, and said he would see William. He farther said, he supposed he must pay it if any thing was due, and they insisted upon it as his father was dead.

*Sawyer* and *Hobbs*, for the plaintiff.

*Barker*, for the defendant.

*By the court.* The question in this case, is, whether it ought to have been submitted to a jury to infer a promise to pay from the admissions made by the defendants ? In the case of *Bell v. Morrison*, 1 Peters S. C. Reports, 362, Mr. Justice Story, says, " if there be no express promise but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay,—if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action."

This seems to us to be sound law. Does the evidence then, in this case show a direct and unequivocal admission of a subsisting debt ? We think not. The defendant said he thought he had paid it. But if any thing was due he supposed he must pay it as his father was dead. This does not seem to us to amount to an admission of an existing debt, which he was liable and willing to pay, and there must be

*Judgment for the defendant.*