## Clorinda Doty *versus.* William Hawkins.

Where property has been wrongfully taken, it is no excuse that the bailee came innocently in possession of it : If the owner demand it, he cannot refer him to the individual under whom he claims to justify his detention, but must either deliver the property, or is liable for the conversion.

This was an action of trover for a cow, two sheep, and a lamb. The cause was tried upon the general issue at may term, 1832.

It appeared that the cow, sheep and lamb, were the property of the plaintiff, in October, 1827, when Daniel Doty, her father, without any authority, sold them to G. and E. A. Webb, who sent and took them and put them

into the hands of the defendant to keep for them. While they were in the hands of the defendant the plaintiff demanded them of him ; to which he replied, that *he had no doubt that they were the property of the plaintiff*, but he could do nothing, the plaintiff must go to the Webbs.

The court instructed the jury that this demand and refusal were, under the circumstances, evidence of a conversion ; and a verdict having been returned in favor of the plaintiff, the defendant moved for a new trial on the ground that the jury had been misdirected.

*Pearson* and *Bell*, for plaintiff.

*Goodall* and *Woods*, for defendant.

UPHAM, J. delivered the opinion of the court.*

In this case the plaintiff's title to the property has been settled by the jury. The Webbs' claim, therefore, by a pretended sale from any other source than the plaintiff, conveys no right. The common maxim that the buyer must beware of his title applies to them, and they, by their purchase, can be no better off than the original wrong doer. The moment the owner comes and demands possession of the property, and it is denied him, it is a conversion. This is true in all cases where there is an unqualified denial, but the ground taken by the defendant's counsel, is, that this was a qualified denial of such a character as to exempt it from the general rule.

It is said that if an individual, in fact, casually finds property, as is in form alleged in declarations in trover, that it would not constitute a conversion for him to require some evidence of ownership, and this is undoubtedly true. The individual finding property has a qualified interest in it, and cannot be called upon to surrender it without reasonable cause, even by the owner, if thereto required. The principles governing this exception have been correctly stated, but they are not applicable to the present case. Here the defendant admitted the plaintiff's ownership of the property, but set up the fictitious

---

*Parker, J., having been of counsel did not sit.

Doty.
v.
Hawkins

claim of the Webbs' as a justification for his detention, and the case supposed would be more parallel if the person finding property admitted the ownership of the one claiming it, but still required him to produce his proof, which would be an illegal detention.

Here the case finds that the defendant said "he had no doubt that the creatures in question were the property of the plaintiff, but that he could do nothing, the plaintiff must go to the Webbs'; claiming, in fact, to hold the property just so long as the Webbs directed him so to do, while at the same time he knew, and admitted, that they had no title,—a species of detention which cannot be justified, and which must be considered, as in ordinary cases, an unqualified conversion.

There is another view of the case, and that is, that the individual, under whom the Webbs claim, was a trespasser. He took the property from the plaintiff's possession without authority, at least, there is nothing in the case to show that he had such authority, and sold the property to the Webbs. The authorities would seem to sustain the position, that the defendant having only a trespasser's title, a demand upon him was unnecessary as a previous requisite to a suit. However this may be, it is unnecessary now to decide, as under the circumstances of the case, with the demand and refusal as made, the evidence of conversion is beyond dispute. To this latter point are authorities, Buller's N. P. 47; 2 Strange, 813, *Parker* v. *Godin*; 5 B. & A. 247, *Alexander* v. *Southey*; 2 Carr. & Payne, 471; *Cobbett* v. *Clutton*; 4 M. & S. 259, *Stephens* v. *Elwall*; 3 Starkie's Ev. 1501; 1 Wilson, 328, *Perkins* v. *Smith*.

*Judgment on the Verdict.*