## Manning *vs.* Wheeler.

An admission that a party owes a debt, with an assertion that he is unable to pay it, is insufficient to take a case out of the operation of the statute of limitations.

The defendant admitted that the plaintiff's debt was due, and said that if he were able, he should be willing to pay all his debts. He subsequently inherited several hundred dollars from his son.—*Held*, that if his language could be regarded as referring to a future ability, it would mean an ability to pay all his debts; and without proof of such ability, the action could not be maintained.

*Held*, also, that the willingness to pay, depended on his then existing ability, without proof of which the plaintiff could not recover.

Assumpsit, on an account annexed to the writ, for visits and medicines as a physician.

Plea, the general issue and statute of limitations, to which the plaintiff replied a new promise.

The plaintiff produced a witness, who testified that within six years before the commencement of the suit, the defendant told him he had been unfortunate in business, and had lost his property—that he owed debts which he was unable to pay, and mentioned the debt to the plaintiff among others, which he said he owed, but his son Edward, for whose benefit it was contracted, ought to pay it—that all the claims against him were just, and ought to be paid, and that if he were able, he should be willing to pay all his debts.

It appeared that William Wheeler, a son of the defendant, died about two years after this conversation, from whom the defendant inherited about five hundred dollars.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court; upon which judgment is to be rendered, or it is to be set aside, and judgment entered for the defendant.

*Farley,* for the plaintiff.

*J. U. Parker,* for the defendant.

Gilchrist, J. The evidence upon which the plaintiff re-

Manning *v.* Wheeler.

lies, is, that the defendant said he owed debts which he was unable to pay—that he owed the plaintiff, among others— that all the claims against him were just, and if he were able he should be willing to pay all his debts.

The first part of this acknowledgment, that he owed debts which he was unable to pay, is not sufficient, of itself, to take the case out of the operation of the statute. *Atwood* vs. *Coburn*, 4 *N. H. Rep.* 315. To this the defendant added, that all the claims against him were just, and if he were able, he should be willing to pay all his debts. We have held, in accordance with the more rational doctrine of the modern decisions, that there must be a direct admission of a previous subsisting debt, which the party is liable and willing to pay. *Russell* vs. *Copp*, 5 *N. H. Rep.* 154; *Exeter Bank* vs. *Sullivan*, 6 *N. H. Rep.* 124; *Blair* vs. *Drew*, 6 *N. H. Rep.* 247. The expression of a willingness to pay, is an important part of the evidence, and cannot be dispensed with. Here the party expressed a willingness to pay all his debts, if he were able to pay all his debts. The contingency with which the admission is connected must be shown to have happened. *Betton* vs. *Cutts*, 11 *N. H. Rep.* 170. This is not the case of a willingness to pay the plaintiff, whenever he should be able to pay that particular debt. If it were, the defendant's subsequent inheritance of several hundred dollars from his son, would probably be sufficient evidence of his ability. But if it can be regarded as evidence of a future willingness at all, the willingness to pay the plaintiff is made to depend on his future ability to pay all his debts. This is not shown, as it does not appear what was their amount, or whether the sum mentioned would have been sufficient to pay them at the time it was received.

But upon another ground we think the evidence insufficient. The language, properly construed, refers, not to a future, but to a present ability. We understand the defendant to have meant, that if he were *then* able, at the time of the conversation, to pay his debts, he should be willing to do so.

Manning *v*. Wheeler.

There is nothing in the case which shows that he was then thinking of any thing but his then existing pecuniary ability. He was speaking of his then existing debts, and of his means to pay them. He was not counting on any future contingency, the death of his son, for instance, upon the happening of which he expected to become possessed of property. Upon this ground, also, that there is no proof of his ability at that time, we think the evidence incompetent to be submitted to the jury.

*Judgment for the defendant.*