## VENTRIS *vs.* SHAW.

An acknowledgement, in order to take a case out of the statute of limitations, must contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay.

The maker of a note, upon its being presented to him for payment, said that he

Ventris *v.* Shaw.

owed money to different persons, and did not know that he could pay any more at present than those debts; that he should like to see the plaintiff; if he could see him he thought he could make some arrangement by way of settlement; that he guessed the note was outlawed, but that should make no difference,—he was willing to pay his honest debts, always; that the note was given for a pat-ent machine for cutting dresses, and his wife had used it (the machine) for that purpose; and that he would call again in the early part of the week and see about the matter.

*Held,* that the evidence was not competent to be submitted to the jury, to prove a new promise.

Assumpsit, on a promissory note dated on the 25th day of December, 1833.

Plea, the general issue, and a notice of the statute of limitations.

It was in evidence that on the 13th day of May, A. D. 1842, Mr. Marston, who had the note in his office for collection, presented it to the defendant and requested him to pay it.

The defendant said that he owed money to different persons, and did not know that he could pay any more at present than those debts; that he should like to see the plaintiff; if he could see him he thought he could make some arrangement by way of settlement; that he guessed the note was outlawed, but that should make no difference,—he was willing to pay his honest debts, always; that the note was given for a patent machine for cutting dresses, and his wife had used it (the machine) for that purpose; that he would call again in the early part of the week to see about the matter.

The defendant did not state in direct terms that he was willing to pay the note nor did he make any denial of the note, nor any objection to the consideration thereof. All the conversation between the defendant and Mr. Marston is above recited.

The defendant contended that the evidence was not competent to be submitted to the jury, but the court ruled that it was admissible.

The defendant also contended that the promise, if any, should have been made to the plaintiff himself, and not to a third person, but the court overruled the objection.

The court instructed the jury that they must be satisfied that there was a disinct acknowledgement of a subsisting debt, which the defendant was liable and willing to pay ; that the acknowledgement of a debt alone would not warrant their finding for the plaintiff, but if there were an acknowledgement of a debt which the defendant was liable and willing to pay, they should find for the plaintiff.

The verdict was for the defendant.

The plaintiff contended that the acknowledgement alone of an existing debt was evidence from which a promise might be inferred, and that the jury should have been instructed it was their duty to infer it from that, if no unwillingness to pay were expressed, and moved to set aside the verdict on account of the instruction of the court as aforesaid.

*G. Marston,* for the plaintiff. In the case of *Hyleing* vs. *Hastings,* 1 *Ld. Raym.* 421, it was held that an acknowledgement of a debt within six years would not amount to a new promise which would take a case out of the operation of the statute, but was evidence of a promise. This principle is recognized in the case of *Stanton* vs. *Stanton,* 2 *N. H. Rep.* 425, which decides that such an acknowledgement is evidence from which a jury may, if there is nothing to rebut it, presume a promise to pay. In *Bangs* vs. *Hall,* 2 *Pick.* 368, Mr. Justice *Putnam* says that the general rule to be extracted from the books is, that the case is to be taken out of the statute if the defendant has within six years made an unqualified acknowledgement of a subsisting debt. See, also, *Atwood* vs. *Coburn,* 4 *N. H. Rep.* 315. The jury should have been instructed that from the acknowledgement they were bound to presume a promise to pay the debt. 4 *Pick.* 110, *Whitney* vs. *Bigelow ; Bailey* vs. *Crane,* 21 *Pick.* 323 ; *Barnard* vs. *Bartholemew,* 22 *Pick.* 291. An acknowledgement of a debt which the party is liable and willing to pay, means only an acknowledgement. All the

rest is mere inference. It is enough if the party expresses no unwillingness to pay, for in such a case the presumption of willingness always arises. *Tanner* vs. *Smart*, 6 *B. &* *C.* 603 ; *Dabbs* vs. *Humphries*, 10 *Bingh.* 446; *Linsell* vs. *Bonsor*, 2 *Bingh. N. C.* 241 ; *Miller* vs. *Lancaster*, 4 *Greenl.* 159 ; *Snook* vs. *Mears*, 5 *Price* 638.

*Tuck*, for the defendant. This ruling is in exact accordance with previous decisions. The jury may construe silence into willingness to pay, for the courts do not say where they should get the evidence of willingness. They may make the inference from his silence, but they must make it. *Russell* vs. *Copp*, 5 *N. H. Rep.* 154; *Bell* vs. *Morrison*, 1 *Peters* 362. The evidence here is too uncertain and inconclusive to authorize such an inference as the law requires.

GILCHRIST, J. In the case of *Manning* vs. *Wheeler*, 13 *N. H. Rep.* 486, and in three cases prior to it, *Russell* vs. *Copp*, 5 *N. H. Rep.* 154, *Exeter Bank* vs. *Sullivan*, 6 *N. H. Rep.* 124, and *Blair* vs. *Drew*, 6 *N. H. Rep.* 247, we have recognized the doctrine of *Bell* vs. *Morrison*, 1 *Peters* 362, as stated by Mr. Justice *Story.* The language of that case is precise, and affords an easy and sensible rule for the decision of similar cases. "If there be no express promise, but a promise is to be raised by implication of law from the acknowledgement of the party, such acknowledgement ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay ; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences which may affect various minds in different ways ; we think they ought not to go to a jury as evidence of a new promise, to revive the cause of action. Any other course would open all the mischiefs against which the statute was intended to guard

Ventris *v.* Shaw.

innocent persons, and expose them to the dangers of being entrapped in careless conversations, and betrayed by perjuries."

Such is the language of Mr. Justice *Story*, and the case before us belongs to the class to which he alludes, and to comprehend which the statute of limitations was enacted. The expressions used by the defendant are " equivocal, vague and indeterminate, leading to no certain conclusions." The case finds that the defendant did not state in direct terms that he was willing to pay the note, nor did he make any denial of it, nor any objection to its consideration. The nearest approach to a promise is contained in his statement that " he guessed the note was outlawed, but that should make no difference ; he was willing to pay his honest debts always." In this statement, however, his *expressions lead " at best to probable inferences."* It is probable that he meant to be understood as saying that this was an honest debt, but it is not positive that such was his intention. He might have meant merely that the note was barred by the statute, which would make no difference if the debt were an honest one ; and if such were the idea he intended to convey, the language is very far from containing such an admission as the rule requires. There is no evidence in the case of any willingness to pay the note. This is an important part of the plaintiff's case, and cannot be dispensed with. *Manning* vs. *Wheeler*, 13 *N. H. Rep.* 486. We should have no disposition to refine away the statute, even if there were no decisions in our way, although such a refinement as would amount to a repeal of it has been sometimes considered rather laudable than otherwise. We are content to regard the act as a " statute of repose," and to give to evidence of this description that plain and practical construction by which alone the beneficial purposes of the statute can be accomplished. The judgment of the court is, that the evidence was not competent to be submitted to the jury to prove such an acknowledgement as the law requires. The result therefore is right, and there must be

*Judgment on the verdict.*