## DOUGLAS *v.* ELKINS.

Where the plaintiff replies to a plea of the statute of limitations, a fraudulent concealment by the defendant, in order to make out his case, it must appear that the defendant has fraudulently concealed from him the fact that he has a cause of action, and has thus induced him to delay commencing a suit until the time prescribed by the statute of limitations has elapsed.

The defendant, being requested to pay a note as he had agreed to do, answered " that folks did not always do as they agreed." *Held*, that this was not sufficient to take the case out of the operation of the statute of limitations.

In the year 1843, the plaintiff gave his note to one Dexter, who indorsed it to the defendant. Soon afterwards the plaintiff transferred to the defendant two notes and an account, in part payment of the Dexter note, the amount of which the defendant promised to indorse on that note. He did not do so, but transferred the note to one Elliot. The plaintiff immediately left the State, and upon his return, at the end of six years, Elliot sued him, and compelled him to pay the whole amount of the note, without any deduction of the two notes and the account. *Held*, that a cause of action accrued to the plaintiff against the defendant, upon his being thus damnified by the defendant's neglect to cause the two notes and the account to be indorsed, and that he need not prove a demand for the two notes upon the defendant.

ASSUMPSIT. The writ contained two counts. The first alleged that the plaintiff, on the 14th of January, 1843, gave his promissory note to one Lemuel Dexter for $35, payable in September following, and that Dexter indorsed the note to the defendant, who became the owner; that the plaintiff, on the 30th of April, 1843, transferred and delivered to the defendant two promissory notes and an account, amounting in all to $19, in part payment of the first-mentioned note, and the defendant promised and engaged to indorse the amount upon the first-mentioned note, but that the defendant did not indorse the same according to the agreement, but sold the first-mentioned note to one James Elliot, before it became due, so that the plaintiff had to pay the same without any allowance for the notes and account.

The second count was for money had and received.

The defendant pleaded, first, the general issue, and second, the statute of limitations.

Douglas v. Elkins.

To the plea of the statute of limitations the plaintiff replied, first, that the cause of action did accrue within six years; second, a new promise; and third, that the defendant fraudulently concealed the matter from the plaintiff till within six years, so that the plaintiff did not know that the notes and account were not indorsed on the note. Issues were joined upon these replications.

The plaintiff's claim before the jury consisted of the amount of the two notes and account, which he alleged were to be indorsed on the Dexter note, and also of a note of hand, given by the defendant to the plaintiff, March 16, 1843, for the sum of $6,75, payable to said plaintiff or order on demand, with interest.

The plaintiff's evidence tended to show that in April, 1843, he went to the defendant with the two notes and account; that the defendant then said that the Dexter note was in the hands of James Elliott, and that he would go and get it, and have the two notes and account indorsed; that he went out of the house, and after being absent for a time, came back and said that Elliot was gone away, but as soon as he returned he would procure the note and have the indorsement made; and that the notes and account, receipted, were left with him with that agreement. The plaintiff left the State the next day, and did not return till more than six years had elapsed. On his return, he was sued on the Dexter note for the full amount by Elliot, to whom it appeared that the defendant had sold the note before it became due. These two notes and account were against the mother of the defendant, whose debts the defendant was under a legal obligation to pay. They were never indorsed upon the Dexter note, and the plaintiff settled the suit which Elliot brought against him, and the evidence tended to show that he paid the full amount due on the same. The evidence also tended to show that at the time the defendant went to Elliot for the Dexter note, that Elliot was in reality at home, but had then transferred the note to

another person, and so told the defendant, and that the defendant did not state truly the facts in the matter, when he returned to the plaintiff, at the time when he took the notes and account, and promised to indorse them. It also appeared that the plaintiff did not know that the indorsement had not been made upon the Dexter note till about the time that he was sued thereon.

To show a new promise to pay the note for $6,75, the plaintiff introduced the deposition of John Stevens, which was taken upon notice, but without appearance by the defendant. The deposition contained but one question and answer, and was as follows :

" Were you present at a conversation, between the plaintiff and defendant, respecting a promise made by defendant to plaintiff, to pay the plaintiff his indebtedness ? If so, when was it, and what was that conversation ?

*Ans.* I was present at such a conversation. I should think it was as late as last October. I should think it was in the month of October last. The conversation I heard was this : Mr. Douglas asked Mr. Elkins if he was going to pay the note which he had, and which he agreed to pay, and Mr. Elkins replied that folks did not always do as they agreed. There was no further reply to that question, and Mr. Elkins immediately stepped away."

The defendant excepted to the evidence as incompetent, and as having no tendency to show a new promise. He also excepted to the deposition on the ground that the question put to the witness was leading. The exceptions were overruled, and the deposition read to the jury.

The defendant also contended that there was no evidence competent to be submitted to the jury, as tending to sustain the issue of a fraudulent concealment in regard to the indorsement of the two notes and account. But the court ruled otherwise.

After the case had been argued and the court had charged the jury, the defendant's counsel requested the court to in-

Douglas *v.* Elkins.

struct the jury that it was necessary for the plaintiff to prove a demand for the two notes, before an action could be maintained for them. But the court did not so instruct the jury, and the defendant excepted.

The jury returned a verdict for the plaintiff for the amount of the two notes and account, and the note of $6,75, which the defendant moved to set aside for error in the rulings of the court.

*I . S. H. Goodale,* for the defendant.

) the plea of the statute of limitations, the plaintiff replied, 1. That the cause of action did accrue within six years. 2. A new promise. 3. A fraudulent concealment of the fact that the notes and accounts were not indorsed till within six years, so that the plaintiff did not know that the notes and accounts were not indorsed on the note.

I. The evidence showed conclusively that more than six years had elapsed between April, 1843, and September 18, 1851, the date of the writ. There is, therefore, no question on this point, unless there has been a new promise, or else a fraudulent concealment of the fact that the defendant has not indorsed the notes and accounts on Dexter's note.

II. The evidence of a new promise is wholly insufficient. If the defendant says anything, it is a denial of paying, instead of a new promise. It is as much as saying " folks do not always do as they agree to, and I shall not." Also, it does not appear *when* the defendant promised, if he ever did promise as the plaintiff stated. It might have been the original promise to pay the note, in 1843, or it might have been the day after the note was given. It does not appear that this was the note referred to. No note is mentioned, either by date or sum. It is simply the note. It may have been the Dexter note, for aught that appears. There is no certainty. All the effect that the evidence could possibly have was to prejudice the jury, by making them think that the defendant did not do as he ought to do and agreed to

Douglas *v.* Elkins.

do, and, therefore, the fraudulent concealment was the more probable, and that was the argument which the plaintiff's counsel drew from it, in his argument before the jury, and the light in which the jury viewed it. The evidence is clearly wholly improper, and has tended to injure the defendant in the other branch of his case.

III. Fraudulent concealment is alleged. Does the proof show fraudulent concealment of the fact that the notes and accounts were not indorsed as alleged? The only shadow of fraud shown is a statement made by the defendant, before the bargain was made. The plaintiff then distinctly understood that they were not indorsed, for the defendant so informed him. Then it was not fraudulently concealed at the time. There could be no concealment before the bargain was made. If the defendant fraudulently concealed any thing, it was the fact that James Elliot was at home. It does not appear that any thing was fraudulently concealed after the bargain was made, which is the gist of the matter. The fraud shown, if any, is not such as would take the case out of the statute of limitations. There is no evidence that the defendant was ever inquired of in regard to the indorsement, or that he did ever conceal the fact in any way. It is the plaintiff's laches alone, leaving the State and being gone six years, and making no inquiries in regard to the matter, which caused the statute to run without the defendant's fault, and, therefore, there is no fraud, and the plaintiff fails in both branches of his case. U. S. An. Dig. 1848; Stat. of Limitations 69. The court there say, " To enable a complaining party to avoid the effect of the statute of limitations, on the ground of failure to discover the matter which is made the ground of action, he must show the exercise of a proper diligence in the pursuit of his right."

*H. & G. A. Bingham,* for the plaintiff.

The first exception taken by the defendant is as to the admissibility of the deposition of one John Stevens.

The plaintiff contends that the evidence was competent to go to the jury, as tending to show a new promise, made prior to the time of the conversation.

If the language was ambiguous, it was competent for the jury to determine its meaning and intent, the same as if it pertained to and was a part of the new promise itself, in which case it would clearly be within their province. 2 Greenl. Ev. 357; 2 Starkie 895.

The conduct of a party is admissible in evidence against him as an implied admission. 1 Greenl. Ev. 236.

So is his acquaintance with what another has said or done. 1 Greenl. Ev. 237.

The question is not leading, as it in no wise suggests to the witness the answer desired or the one given. But if the question is leading, the objection being only to the form, comes too late.

As to the second exception, that there was no evidence competent for the jury to sustain the issue of fraudulent concealment, the ruling of the court below is fully sustained by the following authorities. 3 Mass. Rep. 201; 1 Pick. 435; 3 Pick. 73; 5 Mason 143.

In regard to the point raised in relation to the demand, such is not necessary, either in actions of trover or assumpsit, depending upon a state of facts like the present. The rule that obtains is, that where the property is tortiously obtained, that fact alone is sufficient evidence of a conversion. 22 Pick. 18; 5 Pick. 193; 19 Maine Rep. 281; 4 N. H. Rep. 294.

Had not the defendant obtained the notes and accounts through fraud, the plaintiff would have been entitled to his action without demand, upon being compelled to pay the full amount of the Dexter note. 12 N. H. Rep. 535.

Gilchrist, C. J. It is unnecessary, to settle the question, whether the facts stated in the case constitute such a fraudulent concealment as the law requires, in order to obviate

the plea of the statute of limitations.  It is true, there was in the defendant's conduct both a *suppressio veri* and a *suggestio falsi.*  He told a falsehood to the plaintiff, when he said that Elliot was gone away, while he was actually at home.  But this was the only fact he concealed, excepting that he did not tell the plaintiff that Elliot had told him he had transferred the note.  He also told a falsehood when he said to the plaintiff that the note was in the hands of Elliot. To make out the plaintiff's case, on this ground, it must appear that the defendant has fraudulently concealed from him the fact that he has a cause of action, and has thus induced him to delay commencing a suit until the time prescribed by the statute of limitations has elapsed.  Whether the evidence, in this case, be sufficient for that purpose it is unnecessary to determine, because there is another ground on which the plaintiff is entitled to recover.

When the defendant came back and said that Elliot was gone away, as is stated in the case, he said, also, that as soon as he returned he would procure the note, and have the indorsement made, and the notes and the account, receipted, were left with him with that agreement.  Now as no time was specified for the performance of this promise, the law implies that it shall be fulfilled within a reasonable time, and, after having delayed for a reasonable time, the plaintiff might have maintained an action upon the promise. But until he had been damnified, he could have recovered only nominal damages, unless he had demanded of the defendant either to return the papers or to fulfil his promise, in which case, upon a refusal, he might have recovered their amount.  But no such demand and refusal are shown.

It appears, however, that directly after his interview with the defendant the plaintiff left the State, and did not return for more than six years.  Upon his return, Elliot brought a suit against him on the Dexter note, and the plaintiff was compelled to pay it, without any deduction being made on account of the small notes.  His return was in the year

1849, and it was not until that time that he was damnified. Then it was that a cause of action accrued to him, to recover the amount of the notes, by reason of the failure of the defendant to fulfil his promise that he would procure their amount to be indorsed on the Dexter note. It is upon this ground that, we think, the plaintiff is entitled to recover. And it is equitable that this recovery should be had. The defendant owed the plaintiff the amount of the notes and account, and by this decision he pays only what he is bound to pay. He should have paid that amount in a reasonable time, for he should have made an arrangement with the holder of the note, which would have been equivalent to a payment to the plaintiff.

There is no competent evidence of a new promise to pay the note for $6,75. When the defendant was asked to pay it, as he agreed to do, his answer was that " folks did not do as they agreed." But to make a new promise, there must be an unqualified admission of an existing debt, which the party is liable and willing to pay. *Manning* v. *Wheeler*, 13 N. H. Rep. 486 ; and the evidence here falls far short of the requirement.

Upon a remission of the amount due on the note for $6,75, there should be

*Judgment for the plaintiff.*