DAVID ANDERSON, APPELLANT, v. FRANK B. SIBLEY AND ACSAH G. CHAMPLAIN, ADMINISTRATORS, ETC., RESPONDENTS.

*Statute of limitations — what is a sufficient written acknowledgment to take the debt out of the statute — Code of Civil Procedure, sec. 395.*

On July 16, 1878, the plaintiff commenced an action in a Justice's Court upon a claim which accrued in August, 1872. The action was adjourned to October seventeenth. On that day the parties appeared before the justice and entered into a written stipulation to submit the matters in difference to an arbitrator named therein, and on the hearing before the arbitrator to waive the statute of limitations. Thereupon the action was discontinued. The next day the defendants' intestate revoked the submission, and thereafter and in the following March

died. Upon the plaintiff seeking to enforce the payment of the claim from the defendants they pleaded the statute of limitations.

*Held,* that the agreement to waive the statute on the hearing before the arbitrator was a sufficient written acknowledgment of the debt to remove the bar of the statute.

APPEAL from an order of the Cattaraugus Special Term confirming the report of a referee upon a claim against the estate of the defendants' intestate, and denying the plaintiff's motion to set aside the report on a case and exceptions.

*Phelps & Eaton,* for the appellant.

*R. S. Armstrong,* for the respondents.

SMITH, P. J.:

The claim in dispute is on contract, and it accrued in August, 1872. On the 16th of July, 1878, the plaintiff commenced an action upon it against the intestate before a justice of the peace. The action was adjourned to the seventeenth of October following. On that day the parties appeared before the justice, and entered into a written stipulation to submit their matters in difference to an arbitrator named therein, and on the hearing before the arbitrator to waive the statute of limitations. Thereupon the action before the justice was discontinued, and the justice rendered a judgment against the plaintiff for the costs. The next day the intestate revoked the submission to the arbitrator. The intestate died in the following March, and the plaintiff having sought to enforce his demand against the administrators, they set up the statute of limitations and that defense was sustained by the referee and he reported in favor of the defendants on that ground alone.

It is very clear that the stipulation is not available to the plaintiff as an *estoppel in pais,* for he was not induced to enter into it by any assertion of fact, misrepresentation or fraud on the part of the intestate. He is presumed to have known when he entered into the submission to arbitrate that each party had a right to revoke it. Nor is it available in this action as a technical waiver of the statute, for the waiver provided for was, by its terms, confined to the proceedings before the arbitrator.

But the question arises whether the agreement to waive the statute, being in writing, is not such an acknowledgment of the debt as will take it out of the statute. We suppose that any acknowledgment which would have been sufficient before the Code, will now suffice if it be in writing. (Old Code, § 110; new Code, § 395.) "The only effect of the Code," said Ch. J. EARL, in *Shapley* v. *Abbott* (42 N. Y., 443, 447,) "is to require that to be proved by writing which could before be proved by parol." Prior to the Code an unconditional acknowledgment of the existence of the debt was enough, and that could have been shown by proof of direct acknowledgment or by a proof of facts from which it could be properly inferred. (*Shapley* v. *Abbott, sup.,* p. 446 and cases there cited.) In the case of Shapley, cited above, it appeared that the creditor called upon the debtor, and told him that the note which he presented was about to outlaw and something must be done about it, and the debtor replied that if the note did outlaw he would not plead the statute of limitations on it. It is apparent from the opinions delivered in the Court of Appeals, that the members of the court thought that the acknowledgment above stated would have been sufficient, prior to the Code, to take the debt out of the statute, but it was not sufficient since the Code, because not in writing. (See, also, *Burton* v. *Stevens,* 24 Vermont, 131.)

In the present case, the acknowledgment is substantially the same in effect as in Shapley's case, and is in writing. It is true the conversation in Shapley's case related to the particular claim in suit, while here the submission was general, of all matters in difference —but there is no proof that the plaintiff made any other claim than the one in suit—and the referee has found that the claim so submitted is identical with the claim sued on in this action. And although the agreement not to set up the statute, was limited to the proceedings before the arbitrator, it was as distinct a recognition of the existence of the debt, as if it had been unrestricted and general.

The inference of a recognition of the debt is not repelled by the fact that the claim was to be litigated and submitted to arbitration. The facts warrant the implication of a promise to pay the debt, provided there was no defense to it, other than the statute of lim-

itations—and that there was any other defense cannot be claimed. In *Mosher* v. *Hubbard* (13 Johns., 510), the plaintiff's agent, on presenting the claim, asked the defendant if he had any recollection of paying it, but the defendant answered that he had not; and on the agent asking what should be done about it, the defendant said that he was in great haste, but that he would examine his papers on his return home, and that if he found that he had paid the claim he would write to the agent, but the agent testified that he had never received any letter or communication from the defendant on the subject. This, the court said, was sufficient to raise an implied promise to pay the money, unless, on examination, it should be found that the claim had been paid, and there being no evidence of such payment, the defendant was held liable. So, here, the stipulation and the facts attending it, as to which there is no dispute, raise an implied promise to pay the claim, unless some defense should be found to exist to it, other than the statute of limitations, and no such defense appearing, the written promise or acknowledgment takes the case out of the statute.

The order appealed from should be reversed and a new hearing ordered before another referee to be appointed in the mode provided by statute in cases of this nature, with costs of this appeal to abide the final direction as to costs.

HARDIN and HAIGHT, JJ., concurred.

Ordered accordingly.