## LYME *vs.* WARD, survivor, &c.

It is irregular to serve an assignment of errors before one has been filed; and where the assignment was not filed until the next day after it was served, the rule to join in error and all subsequent proceedings set aside.

Where the judgment of the court below is reversed by default in not joining in error, the remittitur should not be sent to the court below until ten days have elapsed.

Where the action was commenced before the code of procedure took effect, this court may grant costs on a special motion; and the amount is to be settled by taxation.

But where the suit is commenced after the code took effect, this court cannot grant costs to the party who makes a special motion.

Lyme *v.* Ward.

WRIT of error by Lyme to remove a judgment against him in favor of Ward and Goadby, in the New-York C. P. The writ of error was returned and filed with the clerk of this court on the 30th of June last. On the same day the plaintiff in error served an assignment of errors, with notice that the defendant Ward, who had survived Goadby, was required to join in error within eight days, or be precluded : but an assignment of errors was not filed until the next day, the first of July. On the 11th of July, the plaintiff in error entered an order precluding the defendant in error from joining in error. On the 13th of July, the plaintiff in error entered an order reversing the judgment of the court below with costs; and on the same day a remittitur was issued.

*N. Hill, Jr.* for the defendant in error, moved to set aside the order precluding the defendant from joining in error, and all subsequent proceedings, for irregularity.

*S. Stevens,* for the plaintiff in error.

BRONSON, J. The plaintiff in error was irregular in serving an assignment of errors before one had been filed : (*Rule 4.*) and the orders precluding the defendant from joining in error, and reversing the judgment, were therefore unauthorized. We are also of opinion, that the remittitur should not have been sent to the court below until the expiration of ten days from the reversal of the judgment. (*Rule* 20.)

As the defendant in error has been obliged to come here at considerable expense to get rid of an irregular proceeding, he ought to have costs on the motion, if we have any authority to give them. The 270th section of the code of procedure forbids the allowance of costs to the party who makes a motion. But originally, that section did not apply to this suit, which was commenced before the first of July. (*Code,* § 8, 391.) And although it has since been applied to proceedings in such suits subsequent to the first of July in certain specified courts, this court is not among the number. (*Supp. Code,* § 2.) We,

therefore, have power to allow costs. The amount must be settled by taxation. The statute authorizing the supreme court to make rules regulating the amount of costs on special motions does not apply to this court. (*Stat.* 1840, *pp.* 333, 336, §§ 15, 39; *Stat.* 1847, *p.* 321, § 8.) If the suit had been commenced since the first of July, the defendant in error would have been obliged to bear the expense of getting rid of the irregular r 'ceedings of his adversary.

Motion granted, with costs to be taxed.