Loomis v. Decker.

---

---

RILEY LOOMIS *and others v.* NICHOLAS H. DECKER.

To revive a debt barred by the statute of limitation, where no promise to pay is shown, but one is sought to be implied from an acknowledgment of the indebtedness, the acknowledgment should contain an unqualified and direct admission of a previous subsisting debt, for which the party is liable, and willing to pay; and the recognition must be unaccompanied by any circumstance calculated to repel the presumption of an intent or promise to pay.

Where the debtor, in a letter to his creditor, said, "I don't recollect when the bill was made; but if it is all right, I will make it satisfactory," and added that he had certain railroad bonds, which he hoped would be accepted in payment, "as money was out of the question;"—*Held*, sufficient to take the case out of the statute.

It is the province of the Court, sitting as a jury, to find, as matter of fact, whether a new promise, under the circumstances, might fairly be implied, and a finding by the Court in this respect, like the verdict of a jury, must be deemed final.

APPEAL by the defendants from a judgment of the Marine Court, at General Term.

The action was brought to recover for three bills of powder sold by the plaintiffs to the defendant, in 1852, on a credit of eight months. On the trial the defendant admitted that " the powder mentioned in the complaint was sold and delivered to the defendant by the plaintiffs, in the manner and at the times and prices therein alleged," and relied solely on the Statute of Limitations as a defence.

The plaintiffs, to take the case out of the statute, proved the rendition by plaintiffs' attorneys of the bill sued for in this action to defendant, December 28th, 1859, with a request of payment, and a letter in reply by defendant to plaintiff same date, as follows

NEW YORK, Dec. 28, 1859.

MESSRS. LOOMIS & MASTERS:

Gents,—I got a line from lawyers here this afternoon, a bill of one hundred and fifty-four dollars and thirty-eight cents. I don't recollect when the bill was made or when I had the powder. Will you send the bill, and if it is right I will make it all satisfactory. I don't want it sued. I have bonds on the Staten Island R. R. Co. I will pay you in, if the bill is all right. The bonds I take at eighty-five cents on the dollar. You had better write to your counsel to take the bonds, and close the matter right up. I hope you will do it, for money is out of the question. Please answer me at once.

Yours, respectfully,

N. H. DECKER.

The Court below ordered judgment for the plaintiffs. The General Term of the Marine Court having affirmed the judgment, the defendant appealed to this Court.

*H. W. Dewey* (Dewey & Savage), for appellants

I. An acknowledgment, in order to raise the presumption of a promise to pay a debt barred by the Statute of Limitations, must be unconditional, and express a willingness to pay it in money.

II. Where a promise to pay a debt, barred by the Statute of Limitations, in certain specific articles, the promise is conditional, and the plaintiff is bound to show that he offered and was ready to accept the specific article. *Bush* v. *Barnard*, 8 Johns. 407.

*Woodbury & Churchill*, for respondent.

1. A promise to make satisfactory, made to a creditor, is equivalent to a promise to pay.. "Satisfactory," in this connection means satisfactory to the creditor. *Pinkerton* v. *Brady*, 8 Wend. 600; 5 Binney, 579; *Sluby* v. *Champlin*, 4 Johns. 461; *McGrery* v. *McKisson*, 4 Johns. N. C. 510; *Edmons* v. *Goaten*, 9 Eng. L. & Eq. 202.

II. The promise to make the bill all satisfactory, *i. e.*, to pay it, was based on a single condition, "that it was all right." This became an absolute promise, sufficient to take the case out of the statute on proof that the bill was right. *Heyling* v. *Hastings*, 1 Salk. 29; *Trueman* v. *Fenton*, Cowp. 148; *Slate* v. *Town*, 38 Verm. 771; *Paddock* v. *Colby*, 18 Verm. 485; *Dean* v. *Pitts*, 10 Johns, 35; *Mosher* v. *Hubbard*, 23 Johns. 510.

By THE COURT.—HILTON, J.—To revive a debt barred by the Statute of Limitations, where there is no express promise to pay shown, but one is sought to be implied from an acknowledgment of the indebtedness, the acknowledgment should contain an unqualified and direct admission of a previous subsisting debt, for which the party is liable and willing to pay; or, in other words, there should be a clear recognition of the present existence of the demand from which a promise may be implied, and the recognition must be unaccompanied by any circumstance calculated to repel the presumption of an intent or promise to pay. *Sands* v. *Gelston*, 15 Johns. 511; *Purdy* v. *Austin*, 3 Wend. 189; *Bell* v. *Morrison*, 1 Peters, 357; *Stafford* v. *Bryan*, 2 Paige, 45; *Allen* v. *Webster*, 15 Wend. 284; *Stafford* v. *Pickerson*, *Id.* 302; *Bloodgood* v. *Bruen*, 4 Selden, 362; *Wakeman* v. *Sherman*, 5 *Id.* 85; *Mosher* v. *Hubbard*, 13 Johns. 510.

Tested by these rules, the letter of the defendant was suffi-

Loomis v. Decker.

cient to charge him with the liability sued on. It was, in sub-
stance, that he did not recollect when the claim arose, but not-
withstanding this, if he had received the powder which formed
the subject of the debt, and the bill for it was right, he would
make it satisfactory. To this he adds, that he has certain Rail
Road Bonds which he had purchased at 85 cents on the dollar,
and hoped they would be accepted in payment, as money was
out of the question.

The fair inference from such language, I think, is, that on
the indebtedness being shown to have existed, he would make
it satisfactory to the plaintiffs by paying it. *Heyling* v.
*Hastings*, 1 Salk. 29; *Stanly* v. *Champlin*, 4 Johns. 461.
That he had certain property more than sufficient to pay the
claim, but no money, and he therefore hoped that the plaintiffs
would be satisfied by taking the property at a rate of value to
be adjusted. *Brown* v. *Keach*, 24 Conn. 73; *Edmonds* v.
*Goater*, 9 Eng. Law & Eq. 204; *Hooper* v. *Stevens*, 7 Car. &
Payne, 261.

There was nothing in this calculated to raise an inference
that he intended to avoid the payment of the claim, provided
its correctness was shown, and as its validity was admitted by
him at the trial, I think the Justice properly construed the
acknowledgment to be such a one as from which a promise to
pay might fairly be inferred, and his finding, in this respect,
like the verdict of a Jury, should be regarded as final, under
the circumstances shown, and ought not to be disturbed.
*Watkins* v. *Stevens*, 4 Barb. 160.

Judgment affirmed.