## McNAMEE *vs.* TENNY.

An acknowledgement, to take a case out of the operation of the statute of limitations, need not express any intention to pay the debt. An intention to pay is to be presumed.

If the debtor acknowledges the existence of the debt, in writing, the provisions of the law are met, and the statute of limitations will not attach.

What is a sufficient identification of the debt, in the acknowledgment.

In the absence of proof that other demands existed, to which the acknowledgment of the debtor might apply, the presumption is that it applied to the demand proven.

To remove any uncertainty or doubt upon that subject, parol evidence is admissible. SUTHERLAND, J. dissented.

ACTION upon a promissory note made by the defendant, on the 21st of March, 1854, for $540.43, payable to the order of McNamee, Goodrich & Co., six months after date, with interest, of which the plaintiff was the holder. The answer set up the defense of the statute of limitations. To rebut this defense, by proving an acknowledgment of the debt within six years, the plaintiff offered in evidence several letters from the defendant, addressed to him. The defendant's counsel objected to them severally as evidence, and to their being read in evidence, on the grounds that the same were irrelevant and incompetent, and also that they were offers to compromise the controversy. The court overruled the objections, and admitted the letters in evidence, to which ruling and decision as to each of said letters, the defendant's counsel excepted. The plaintiff's counsel thereupon read them in evidence to the jury. The first, dated Elmira, February 2, 1859, was as follows: "I have been working at my matters since you was here, and find that I can get two-thirds of my indebtedness off; but dreading to take the act for the name of it, I have come to the conclusion that I would borrow of my friends, providing that I can make a satisfactory arrangement. I propose to pay all my creditors 20 per cent cash on the original notes or bills; that is the best that I can do, and that is more than I can do without help. Answer immediately."

McNamee *v.* Tenny.

The second letter was dated February 7, 1859, and was as follows : "Yours of the 5th inst. came to hand this morning, with one from Ames, Herrick & Barnes, 51 John street; they accept my proposition. I make the same offer to one and all alike. If I cannot make it a general thing, I shall try the other way. I have promise enough, full two-thirds, without any of my N. Y. creditors, but one firm will sign the petition there; but for the name of it I will borrow and get, and honorably if I possibly can. I have partly the promise of enough to pay 20 per cent on the original am't; as I have a full list of every shilling of the am't I owe, I know just what it will take. I think I can get $1000; that will not pay quite 20 per cent, but I can make up the difference in some way, and make a final settlement. Hoping you will consent and all the rest of my creditors, which I shall always remember with gratitude." There was a post-script to this letter in these words : "The am't to you at the above rate would be $108.09 *cash.*"

In a third letter, dated Elmira, September 24, 1860, the defendant said : "Yours of the 22d was this day rec'd. In reply I hardly know what to say. I expect to make some arrangement with my friends who will be here during the fair, and then will write you; or rather I shall be in N. Y. 2 weeks from to-day, if nothing happens, and will call and see you."

The plaintiff was examined as a witness, and testified as follows : "I am the plaintiff; was one of the late firm of McNamee, Goodrich & Co., the payees of the note. All the letters which I ever wrote to the defendant related to the note in question. This note was given to my late firm for goods sold and delivered by them to the defendant. It was the only transaction my firm or myself ever had with the defendant. I never talked or wrote to him about any other claim or note than the note in suit. These letters received in evidence were all received by me from the defendant, and related to this note. The letter dated September 24th was received by

me a day or two after September 24, 1860. I have computed the interest upon the note. I make the interest to this date to be $241.16, and principal and interest together, the sum of $781.59. I did accept the proposition made in the defendant's letter, to pay twenty cents on the dollar of the amount of the note, upon a sort of condition. I so wrote to him in my letter of February 5th, 1859, in answer to his letter of February 2d, 1859. I have no copy of my letter. The condition I named was, that he should pay the amount offered promptly." The plaintiff's counsel here rested the case on the part of the plaintiff. The defendant's counsel thereupon moved to dismiss the complaint, on the ground that there was not sufficient testimony in the case to relieve the plaintiff's claim from the effect of the statute of limitations pleaded by the defendant. The court denied the motion, and the defendant's counsel excepted.

The evidence being closed, the defendant claimed and insisted that, under the testimony, no cause of action was established, and that the defendant was entitled to judgment. The court refused to order judgment for the defendant; to which ruling and decision the defendant excepted. Whereupon the jury, by direction of the court, rendered a verdict for the plaintiff for the sum of $781.59, subject to the opinion of this court at general term, upon a case to be made by the plaintiff, with liberty to the court to dismiss the complaint or to order judgment for the defendant.

*A. Vanderpoel,* for the defendant. I. The plaintiff did not prove "an acknowledgment or promise" sufficient to constitute "a new or continuing contract," whereby to take the case out of the operation of the statute of limitations. 1. In the first letter he refers to an intention to take the benefit of the two-third act, unless he can make a satisfactory arrangement; he proposes, as the best he can do, to pay twenty per cent on the original notes or bills. He declares that this is the best he can do, and more than he can do without help.

He states the total of his indebtedness.    This letter nega-
tives all idea of a promise to pay even a part, unless he can
arrange with all of his creditors at the rate of twenty per
cent.    The second letter refers to his efforts to secure a gen-
eral compromise, and his determination to apply under the
two-third act, if he cannot make a complete settlement in
this way, and his hopes that he can get $1000, which will
not pay quite the twenty per cent ; but he will try and make
it up to twenty per cent, so as to make a final settlement,
and hopes the plaintiff and all his creditors will consent and
make a final settlement.    The third letter is of no moment.
2. The code provides, that "civil actions can only be com-
menced within the periods prescribed in this title."    (*Sec.*
74.)    The provision of the revised statutes was substantially
the same ; it declared in substance that the action should be
commenced within a certain time "and not after."    (2 *R. S.*
295, § 18.)    The code also provides that "no acknowledg-
ment or promise shall be sufficient evidence of a new or
continuing contract, whereby to take the case out of the
operation of this title, unless the same be contained in some
writing signed by the party to be charged thereby ; but this
section shall not alter the effect of any payment of principal
or interest."    (*Code,* § 110.)    Under these provisions the
court of appeals, as stated by Judge Allen in giving its
opinion, have established —

(1.) *That the action must be sustained upon the new
promise,* though the original contract is the cause of action;
and the complaint counts upon that as the ground of recov-
ery.    (2.) That to revive or renew the debt, there must be
either an express promise to pay, or an acknowledgment of
its existence, from which a new promise may be implied.
(*Winchell* v. *Hicks,* 18 *N. Y. Rep.* 560.)    And "an action
brought after the lapse of six years upon a simple contract
must be upon the new promise, whether the promise was
before or after the lapse of six years, express or implied,
absolute or conditional."    (*Opinion of Judge Allen, Shoe-
maker* v. *Benedict,* 1 *Kern.* 186.)    (3.) It matters not.

therefore, that the letters relied upon were written before the statute had run against the original cause of action. They are entitled to no greater weight than if written after the statute had barred the demand. (*Tompkins* v. *Brown*, 1 *Denio*, 247.) (4.) The acknowledgment, when relied upon, must be such as amounts to a new contract. Judge Bronson says, "There must be a promise, *a new contract*, though founded on the original consideration, to take the case out of the statute. There must, at least, be a plain admission that the debt is due, *and that the party is willing to pay it*. It is the new promise, and not the mere acknowledgment, that revives the debt and takes it out of the statute." (*Van Keuren* v. *Parmelee*, 2 *Comst*. 523, 531.) (5.) While the letters may admit an indebtedness, they *expressly negative a willingness* to pay more than twenty per cent, and that only upon a condition that the percentage is accepted by all the creditors. They repel the presumption of a promise to pay the whole demand. They declare an inability to pay, and an intention, if necessary, to avoid all legal liability then existing, by resorting to the two-third act. (*Read* v. *Wilkinson*, 2 *Wash. C. C. Rep*. 514.)

II. An acknowledgment of a debt, accompanied by a declaration of an inability to pay, although the hope is expressed by the debtor that he may see the creditor and do something about it, has been held to be insufficient to authorize the implication of a new promise; a mere acknowledgment is not sufficient; it must show a willingness to pay. (*Hancock* v. *Bliss*, 7 *Wend*. 267. *Bell* v. *Morrison*, 1 *Peters*, 351. *Bailey* v. *Crane*, 21 *Pick*. 323.) In *Richardson* v. *Barry*, (27 *Beav*. 22,) the note is: "In a letter from the drawer to the holder of a bill of exchange, he said, 'If in funds, I would immediately pay the money and take the bill out of your hands.' Held insufficient to take the case out of the statute of limitations." In reply to a suggestion of counsel in a case involving this question, (*Hart* v. *Prendergast*, 14 *M. & W*. 741, 742,) Baron Parke says: "There

must be an acknowledgment of the debt from which we may infer a promise to pay. If the defendant says in writing "I admit the debt," that is enough; but if he says "I admit the debt, *but* I have not made up my mind how or by what means to pay," how can you from that infer a promise to pay? (*Hart* v. *Prendergast*, 14 *M. & W.* 741.) The English statute of limitations, (*Lord Tentenden's Act*, 14 *of* 9 *Geo.* 4,) contains a section analogous to the 110th section of the code. (*Angell on Limitations, app.* 149.) The leading case in England under this section is *Tanner* v. *Smart*, (9 *B. & C.*, 13 *E. C. L. R.* 603.) In speaking of this case in which, after reviewing all of the authorities, it was declared that unless the acknowledgment amounted to a promise to pay, it was of no effect—although it showed to a demonstration that the debt had never been paid and was still subsisting—Baron Parke says: "*Tanner* v. *Smart* put an end to a series of decisions which were a disgrace to the law, and I trust we shall be in no danger of falling into the same course again." (*Hart* v. *Prendergast*, 14 *M. & W.* 746.) The course of decisions referred to in these uncomplimentary terms are alluded to by Justice Bronson: "At the former period the statute amounted to little more, in judicial construction, than a ground for presuming the debt paid, which might be rebutted by the mere admission that such was not the fact. But the law is not so now." (*Van Keuren* v. *Parmelee*, 2 *Comst.* 531. *Bell* v. *Morrison*, 1 *Peters*, 351, 360.) Of the same tenor as *Tanner* v. *Smart* we find the cases: *Rackham* v. *Marriott*, (1 *H. & N.* 234;) *Cripps* v. *Davis*, (12 *M. & W.* 159;) *Evarts* v. *Robinson*, (28 *Law Jour. Q. B.* 23;) *Smith* v. *Thorne*, (18 *Ad. & El.* 134; 83 *E. C. L. Rep.*) Inserting a debt in a schedule of creditors, in insolvency proceedings, is clearly an acknowledgment of a subsisting debt, but not a promise to pay. (*Richardson* v. *Thomas*, 13 *Gray*, 381. *Brown* v. *Bridges*, 2 *Miles' Penn. Rep.* 424. *Angell on Lim.* 247.)

III. Should it be suggested that the plaintiff is entitled to

recover the twenty per cent, we answer: (1.) The question cannot be raised on this verdict and order. (2.) The offer to pay twenty per cent was conditional. "If I cannot make it a general thing, I shall try the other way." "Hoping you will consent, and all the rest of my creditors." There was no evidence that the condition was · complied with. Such a promise, if relied on, can only be taken with the condition. (*Tompkins* v. *Brown*, 1 *Denio*, 247. *Wakeman* v. *Sherman*, 9 *N. Y. Rep.* 85.) (3.) The proposition was not accepted as made. It was accepted upon "a sort of condition." (4.) The agreement was without consideration. It was a promise, when made, to pay part of a sum when the plaintiff already had the defendant's promise to pay the whole sum. Until the note was outlawed, the agreement would not have prevented an action for the whole debt. As the agreement to accept in full and release, was not binding on the plaintiff, it was not binding on the defendant. (5.) The plaintiff never tendered a release or any thing which would exonerate the defendant on payment of the twenty per cent. No release or discharge was obtained from, or assented to, by any other creditor. The letters were not competent or sufficient to prove a promise, and should have been excluded. (*Bailey* v. *Crane*, 21 *Pick.* 323.)

IV. The letters only amounted to an offer to compromise, and were inadmissible. (*Laurence* v. *Hopkins*, 13 *John.* 288. *Tompkins* v. *Brown*, 1 *Denio*, 247.)

*Geo. W. Parsons*, for the plaintiff. I. The statute limiting the time for commencing actions is an arbitrary rule, designed simply to prevent suits upon stale demands, and affects only the remedy, not the debt itself. (*Waltermire* v. *Westover*, 4 *Kern.* 20. *Soulden* v. *Van Rensselaer*, 9 *Wend.* 297. *Leading English case, Whitcomb* v. *Whiting*, 2 *Doug.* 262. *Philips* v. *Peters*, 21 *Barb.* 358, *and cases cited. Pratt* v. *Huggins*, 29 *Barb.* 284. *Winchell* v. *Bowman*, 21 *id.* 451, *aff.* 18 *N. Y. Rep.* 558. *Shoemaker* v. *Benedict*, 1 *Kern.* 186.)

II. A distinction exists between what is requisite to renew or revive a debt already barred by the statute, and an acknowledgment of the existence of the debt within the six years necessary to a continuance of an obligation. 1. This view seems to have been questioned in some of the cases, but mostly in recent ones, where the language held was mere incidental dicta used in disposing of the main question whether the acts of a partner or joint debtor could bind his co-debtor. None of those cases were like the one at bar. The reason of the distinction is well stated in Judge Denio's opinion in *Shoemaker* v. *Benedict*, (*supra, p.* 192.) 2. The cases of *Van Keuren* v. *Parmelee*, (2 *Comst.* 523,) and *Shoemaker* v. *Benedict*, are not *authority* for any thing except for the principle that a promise or acknowledgment made by a joint debtor, whether made before or after the statute has run, cannot bind the co-debtor. (*Philips* v. *Peters*, 21 *Barb.* 358, *and cases cited.*) 3. The above distinction is also preserved in *Van Keuren* v. *Parmelee*, (2 *Comst.* 523,) and *Bell* v. *Morrison*, (1 *Peters*, 352.) See also dissenting opinion of Denio, J. in *Shoemaker* v. *Benedict*, (*supra*, 190–194.) 4. In the one case there must be a promise, or such an acknowledgment as would create the implied promise to pay; while in the other it need only be such a recognition of the existence of the debt as to repel the presumption of payment, and show the debt to have had a recognized existence, within six years before suit brought. (*Allen* v. *Stevens*, 1 *N. Y. Legal Obs.* 359. *Winchell* v. *Hicks*, 18 *N. Y. Rep.* 558.) 5. It does not dispose of this view to say, in the language of some of the authorities, that the statute is one of repose, because the agitation and recognition of the debt within the six years is not consistent with repose. 6. The presumption of payment arising under the statute, from lapse of time, is not that payment was made at the expiration of the time fixed by statute as a bar, but at some indefinite time, or when the obligation became due. (*Martin* v. *Gage*, 5 *Seld.* 402.) And the acknowledgment

of its existence, unpaid, before the statute could take effect, whether coupled with any evidence of a disposition to pay or not, destroys the presumption as well as the idea of repose, and continues the debt alive for six years from the date of acknowledgment. (*Cases, supra.*) 7. A promise made, or to be inferred from acts or words before the original obligation is barred, can add no force to the subsisting promise; nor could a willingness to pay manifested then, be essential to the validity of the claim. 8. What is required, to avoid the statute, is evidence within six years to rebut the presumption of payment, and to disturb the repose of an apparently stale demand. Else how could a partial payment repel the presumption of payment of the whole, or agitate the quiet of the balance.

III. But the acknowledgment of the indebtedness in this case was sufficient either to revive or continue the debt; so that it is unnecessary to insist upon the above distinction. 1. The first letter in evidence recognizes the plaintiff as a creditor; the second letter repeats the acknowledgment more specifically, and states the amount of the indebtedness; and the third continues the acknowledgment and asks further time. 2. The plaintiff was thus induced to treat these acknowledgments as continuing the obligation, or as keeping it alive, and to give the time asked for by the third letter. The defendant would not be allowed to take advantage of his own act in asking time, and that act of itself extended the time. 3. Direct and positive proof of an acknowledgment or promise, in any set form of words, is not required. It may be inferred from facts or words. (*Whitney* v. *Bigelow,* 4 *Pick.* 110. *Mosher* v. *Hubbard,* 13 *John.* 510.) 4. An acknowledgment of an indebtedness is evidence from which a promise and a willingness to pay may be inferred. (*Bloodgood* v. *Bruen,* 4 *Seld.* 368.) There was no qualification whatever in the acknowledgment of indebtedness in this case. 5. It was not necessary that the acknowledgment should be of any particular amount, as evidence may be, and was in

McNamee *v.* Tenny.

this case, connected with the admission, and fixed the amount. (2 *Parsons on Contracts,* 349, *and cases cited.*) Here letter No. 2 of itself identified the amount, without the parol evidence given on the trial.

IV. Within the spirit of all the cases, these acknowledgments prevented the statute from running against the debt in question. The acknowledgment of a debt unpaid waives the protection of the statute, and repels the presumption of payment and the suggestion of repose, and continues the force of the obligation when made before the statute has taken effect, and raises an implied promise to pay the debt when made after the statute intervenes. (*Smith* v. *Ludlow,* 6 *John.* 267. *Johnson* v. *Beardslee,* 15 *id.* 3. *Martin* v. *Williams,* 17 *id.* 330. *Patterson* v. *Choate,* 7 *Wend.* 441. *Reid* v. *McNaughton,* 15 *Barb.* 168. *Frost* v. *Bengough,* 1 *Bing.* 266. *Lloyd* v. *Maund,* 2 *T. R.* 762. *Fearn* v. *Lewis,* 6 *Bing.* 173. *Mosher* v. *Hubbard,* 13 *John.* 510, *supra.* *Murray* v. *Coster,* 20 *id.* 576. *Penley* v. *Waterhouse,* 3 *Clark's Iowa R.* 418. *Brown* v. *Keach,* 24 *Conn. R.* 73. *Deloach* v. *Turner,* 7 *Rich.* (*S. C.*) 143. *Bullock* v. *Smith,* 15 *Geo. R.* 395. *Rich* v. *Dupree,* 14 *id.* 661. *Edmonds* v. *Goater,* 9 *Eng. Law and Eq. R.* 203.) The points established by several of the foregoing cases are briefly as follows : *Frost* v. *Bengough* (1 *Bing.* 266) was an action on a promissory note. Statute pleaded. The evidence relied on was the following letter : "Sir—Business calls me on the sudden to Liverpool. Should I be fortunate in my adventures, you may depend on seeing me in Bristol in less than three weeks ; otherwise, I must arrange matters with you as circumstances will permit. I shall leave town to-morrow night." *Held* that it was a sufficient acknowledgment to take the note out of the statute. *Fearn* v. *Lewis* (6 *Bing.* 173) was a case which arose under what is known as Lord Tenterden's Act, 9 *Geo.* 4, ch. 14, being almost precisely like our own statute. There appeared to be no doubt in the minds of the court upon letters no more positive or decided than those in the

present case, that they were sufficient to revive the debt. The defendant expressed a willingness, but a want of ability. In *Mosher* v. *Hubbard*, (13 *John.* 510,) the defendant did not dispute the demand, and said he did not recollect paying it, but that he would examine and write about it, but never wrote. *Held* sufficient to take the case out of the statute, and to imply a promise to pay, if not paid. In *Murray* v. *Coster*, (20 *John.* 576, *affirming* 5 *id.* 522,) the defendant's answer admitted that, to avoid litigation, they had offered to pay the plaintiffs, but at the same time insisted that they were discharged by length of time from all liability, and expressly reserved their right to avail themselves of the statute of limitations, in case the offer of settlement was refused. *Held* that this was such an acknowledgment of the debt as defeated the operation of the statute. In *Penley* v. *Waterhouse*, (3 *Clark's Iowa R.* 418,) it was held that a promise or acknowledgment, to take the debt out of the statute, may be made before as well as after the debt is barred. From that acknowledgment the law implies a promise. Expressions of an inability to pay will not defeat such acknowledgment. In *Brown* v. *Keach*, (24 *Conn. R.* 73,) the plaintiff wrote a letter to the defendant, speaking of the indebtedness. The answer was: "Yours of the 24th has been received, and in reply I hardly know what to say; but as you request an answer soon, I will say in return that I can't tell you what I can do at present, but I have been thinking of coming to W—— for some time, but will omit it till I hear from you again. I wish you, by return of mail, to send me a true copy of all the claims that you hold against me in full dates; that is, I want it word for word, and indorsement, etc. and I will either see you or write soon." *Held* sufficient to remove the bar. *Deloach* v. *Turner* (7 *Rich. S. C.* 144) holds that a slight acknowledgment of the debt before the statute has run, will take a case out of the statute. (*Rich* v. *Dupree* (14 *Geo. R.* 661) decides that when a new promise to pay a debt is made before the old promise is barred, the statute

McNamee *v.* Tenny.

begins to run again from the date of the new promise. *Edmonds* v. *Goater*, (9 *Eng. Law and Eq. R.* 203.) Upon an application for payment of £450 due upon two bills of exchange, dated March 25, 1836, upon which interest had been paid up to the 25th March, 1841, a letter was written by the debtor on the 13th of January, 1846, stating: "I hope to be in H—— very soon, when I trust every thing will be arranged with Mrs. W—— agreeable to her wishes." *Held* that this was a sufficient promise to pay to take the debt out of the statute.

LEONARD, J. The acknowledgment need not express any intention to pay. An intention to pay is to be presumed. It is of very little consequence what was the intention of the debtor in this respect. If he acknowledges the existence of the debt, in writing, the provisions of the law are met, and the statute of limitations has not attached. In the absence of proof that other demands existed to which the acknowledgment of the defendant might apply, the presumption is that it applied to the demand proven. (*Davenport* v. *Gilbert*, 6 *Bosw.* 180.) The evidence adduced removed the uncertainty or doubt, if any existed, and was in my opinion admissible.

There is nothing in *Winchell* v. *Hicks* (18 *N. Y. Rep.* 560) adverse to a recovery in this case.

The plaintiff is entitled to judgment, with costs.

CLERKE, J. The chief difficulty which first occurred to me in this case was the want of an explicit acknowledgment, specifying the debt. But I find in the second letter of the defendant, in a postscript, a sufficient identification of the debt. He says the amount of the plaintiff's debt, at 20 per cent, would be $108.09 cash. On referring to the note we find it to be $540.42, which at 20 per cent would be the amount mentioned.

McNamee *v.* Tenny.

I think therefore this was a sufficient acknowledgment, and that the plaintiff is entitled to judgment, with costs.

SUTHERLAND, J. (dissenting.) The provision of the code is, that "no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby," &c. Now, although it is certainly to be inferred, from the letters written by the defendant to the plaintiff, that he was indebted to the plaintiff in a certain amount, yet the note in suit is not mentioned in either of the letters; nor is there any thing in either of the letters to show what evidence of indebtedness the plaintiff had against the defendant. The *letters* do not specify or refer to the claim of the plaintiff, so that you can tell from them whether the plaintiff held the defendant's note, bill or even any written contract. The plaintiff, for the purpose of giving effect to the letters as a written acknowledgment of his debt, thought it necessary, or at least prudent, to show by parol evidence, that the note in suit was the only debt or demand he had against the defendant, and that the letters referred to it. Now, could these letters be made effective as a written acknowledgment, by parol evidence? I must confess, I have serious doubts whether they could. Would it not tend to defeat what we must suppose to have been the intention and policy of the requirement of the law, to hold that the writing can be assisted by parol, to the extent required, to make the letters a *written* acknowledgment in this case? (*See Wright* v. *Weeks*, 25 *N. Y. R.* 153.)

But I do not think it is necessary to decide the case upon the point which has been suggested. If the note in suit had been mentioned and described in the letters, they would not have saved it, I think, from the operation of the statute of limitations.

In *Winchell* v. *Hicks* (18 *N. Y. Rep.* 560) it is said to be settled, " 1st. That the action must be sustained on the new

McNamee *v.* Tenny.

promise, although the original contract is the cause of action, and the complaint counts upon that as the ground of recovery. 2d. That to revive ro renew the debt, there must be either an express promise to pay, *or an acknowledgment of its existence, from which a new promise may be implied.*"

Certainly the acknowledgment must be such that an intention to pay can be inferred from it; or at least such an acknowledgment as is consistent with an intention to pay. Now all you can infer from the defendant's letters is, that he has been thinking of taking the two-third act, but had rather compromise with his creditors by paying them 20 per cent; that he probably could borrow the money to pay 20 per cent of all his debts, and he offers to the plaintiff 20 per cent. Even this offer I understand to be conditional, that is, on condition that his creditors, or his creditors generally, agree to take 20 per cent. How can a promise or intention to pay the plaintiff's debt be implied from these letters, when the defendant offers to pay 20 per cent only, and that offer is conditional? It is rather to be inferred from the letters that the defendant did not intend in any event to pay more than 20 per cent, and that his willingness or intention to pay the 20 per cent depended upon all his creditors, or his creditors generally, consenting to take 20 per cent.

In my opinion there is no ground for the distinction suggested by the counsel for the plaintiff, between an acknowledgment or promise made after the debt has been barred by the statute of limitations, and an acknowledgment or promise made before the statute has attached. No such distinction is made in the provision of the code, and such a distinction is repudiated in several cases. (*Shoemaker* v. *Benedict*, 1 *Kern.* 186. *Tompkins* v. *Brown*, 1 *Denio*, 247. *Dean* v. *Hewit*, 5 *Wend.* 257.) There should be judgment for the defendant, and that the complaint be dismissed with costs.

Judgment for plaintiff.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]