By the Court.—Freedman, J.
Whether the real arrangement between the parties amounted to an absolute or a conditional sale, or was intended to be collateral security for loans already made, and a further loan to be made on the faith of it, depends upon the facts and circumstances surrounding the transaction. It was competent to show that the writings, though appearing, to a certain extent, absolute upon their face, were intended to stand as security merely. . This proof the plaintiff furnished, and the defendant "gave no testimony to the contrary. The court below was, therefore, right in determining this branch of the case in favor of the plaintiff.
I am also of the opinion that the defendant was *333 credited with all moneys as to which he was entitled to credit.
The only remaining question arises upon defendant’s exception to the ruling of the court that the plaintiff’s claim was not barred by the statute of limitations. This ruling was based upon a certain letter, written by defendant to plaintiff, which was held sufficient to take the case out of the operation of the statute. It contains, among other things not necessary to be considered, the following statements, viz.:
1. “I am well aware that I owe you for money borrowed;” and
2. “As you have the figures, I wish you would, at your leisure, make out a statement of what you consider my indebtedness to you, and send it to me, resting assured that in all money matters I want to act honestly toward everybody.”
The only objection urged against it relates to the sufficiency of the acknowledgment contained therein.
The statute of limitations, when applicable, is something more than presumptive evidence of payment of the debt. It is a complete bar. Ho admission of the debtor will avoid the discharge, unless made under circumstances which indicate a willingness to pay. But no express promise is necessary, as long as a promise may be implied from the acknowledgment of a present indebtedness (Kincaid v. Archibald, 10 Hun, 9; affirmed by the Court of Appeals, April 2, 1878; McNamee v. Tenny, 41 Barb. 495; Ross v. Ross, 6 Hun, 80; Loomis v. Decker, 1 Daly, 186; Winchell v. Hicks, 18 N. Y. 558; Chace v. Higgins, 1 N. Y. Supm. Ct. [1 T. & C.] 229; Code of Civ. Pro. § 395).
Considered in the light of these authorities, the letter in question contains a sufficient acknowledgment of an indebtedness then existing, to take the case out of the operation of the statute.
*334 Defendant’s exceptions should be overruled, and judgment absolute rendered in favor .of the plaintiff, upon the verdict, with costs.
Speir, J., concurred.