DANIEL DE FREEST, Plaintiff, v. SAMUEL S. WARNER
AND MICHAEL H. WARNER, Administrators of MICHAEL
WARNER, Deceased, Defendants.

*Statute of limitation —what is a sufficient written acknowledgment of the debt, within
section 395 of the Code of Civil Procedure.*

April 2, 1875, the defendants' intestate conveyed certain real estate to his three
sons. The deed contained a clause providing that the premises were con-
veyed to the grantees "subject to the following amounts due by me to the
parties hereafter specified, which forms a part of the consideration above
expressed; and which I charge the said estate above conveyed with the payment
thereof; and which said several amounts, together with the interest, the
said parties of the second part assume and agree to pay, to Daniel De
Freest (the plaintiff), about $600 * * * together with the legal interest
thereon." The deed was accepted by the grantees. In an action against the
administrators of the grantor to recover the amount of the said debt, brought
after the grantees, in an action brought against them, had been held to be dis-
charged from liability therefor:

*Held,* that the clause in the deed was a sufficient written acknowledgment of the
debt by the grantor, within section 395 of the Code of Civil Procedure, to
take the case out of the statute of limitations.

Motion for a new trial on exceptions ordered to be heard in the
first instance at the General Term, after a verdict had been directed
for the plaintiff at the circuit.

The action was brought to recover upon four promissory notes,
dated respectively May 1, 1871, August 25, 1871, August 3, 1872,
and April 3, 1873, made by Michael Warner, the father and intestate
of the defendants.

On the 2d day of April, 1875, Michael Warner executed and
acknowledged a deed to his three sons (two of whom are the defend-
ants in this action) of certain real estate in Rensselaer county. The
deed contained the following clause: "The aforesaid piece and
parcel of land is this day sold and conveyed by the said Michael
Warner to the said Samuel S. Warner, Michael H. Warner and
Albert Warner, subject to the following amounts due by me to the
parties hereinafter specified, which forms a part of the consideration
above expressed, and which I charge the said estate above conveyed
with the payment thereof, and which said several amounts, together
with the interest, the said parties of the second part assumes and

agrees to pay, to Daniel De Freest about $600, to Mrs. De Freest about $400, together with the legal interest thereon."

On the 3d day of May, 1875, interest was paid to plaintiff on each of the notes, and indorsed thereon. These payments were made by defendant Samuel S. Warner. Michael Warner died February 16, 1876, and letters of administration were issued to the defendants and Albert Warner, their brother, who died before this suit was commenced.

After Michael Warner's death, an action was brought by the Union National Bank of Albany (a creditor of Michael Warner, deceased, not named in the deed) against the three grantees in the deed of April 2, 1875, to set aside the deed as fraudulent and void as against the plaintiff in that action, and judgment was rendered setting aside the deed, and providing for the appointment of a receiver and the sale of the premises, in which judgment it was also provided that if there was any surplus the defendants pay it to the creditors of Michael Warner mentioned in the deed, and that after such surplus should be paid over to said creditors, and if a balance was still due them, the defendants should be discharged from personal liability, etc. The premises were sold under this judgment, and there was no surplus and no creditor got anything under this provision of the judgment.

In 1878 the plaintiff sued the grantees in the deed to recover the amount of the notes in question, by virtue of the promise in the deed. The defendants set up in defense the facts relating to the Union Bank judgment and the sale thereunder, and claimed they were not liable under their promise in the deed, and judgment was rendered in their favor.

Upon being sued as administrators of Michael Warner, they pleaded the statute of limitations. To take the case out of the statute the plaintiff relied, first, upon the acknowledgment in the deed; and second, upon the payments of interest proved.

The following opinion was delivered by the justice at Special Term, before whom this action was tried :

INGALLS, J. :

It is only necessary to consider one question in deciding this action, which is whether the plaintiff's cause of action has been barred by the statute of limitations? The impression which I

received at the trial, that the determination of such question must depend upon the effect to be given to the provision contained in the deed executed by Michael Warner to Samuel S. Warner, Michael H. Warner and Albert Warner, on the 2d day of April, 1875, in regard to the payment of the indebtedness in question, has been confirmed by reflection. The clause in the deed is as follows: "The aforesaid piece or parcel of land is this day sold and conveyed by the said Michael Warner to the said Samuel S. Warner, Michael H. Warner and Albert Warner, subject to the following amounts *due by me* to the parties hereafter specified, which forms a part of the consideration above expressed, *and which I charge the said estate above conveyed with the payment thereof;* and which said several amounts together with the interest, the said parties of the second part *assume and agree to pay* to Daniel De Freest, about $600; to Mrs. De Freest, about $400, together with the legal interest thereon." The deed was accepted by the grantees. The fact that the demands which are sought to be recovered in this action are the same which are specified in the clause of the deed above set out, is not controverted. Without encumbering the consideration of this question with a history of the litigation in regard to such conveyance, and abstaining from a discussion of the numerous decisions which have been cited by the counsel, and others which I have encountered in examining this case, I will, as briefly as possible, state the result which I have reached, and the process by which it has been attained. The Code of Civil Procedure (§ 395), provides as follows: "An acknowledgment or promise contained in a writing, signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of this title. But this section does not alter the effect of a payment of principal or interest." The Code of Procedure (§110), was to the same effect. The acknowledgment or promise of Michael Warner, in order to be available to the plaintiff, must appear to have been made by Michael Warner to the plaintiff or to the grantees in the deed, for his benefit, and with the intention and expectation, on the part of said Michael Warner, that it would be communicated to the plaintiff, and that such deed was delivered to and accepted by the grantees under circumstances which would fairly warrant the

supposition and belief that the provision of the deed for the bene-
fit of the plaintiff would be communicated to him by such grantees.
(*Bloodgood* v. *Bruen*, 8 N. Y., 362; *Wakeman* v. *Sherman*, 9 id.,
86.) In the last case Judge GARDNER, at page 91, remarks: "But
in the second place, the promise was not made to the plaintiff or
his agent, but to a stranger who was not authorized by the defendant
to communicate with the plaintiff in any manner on his account."

Again : " The promise must be made to the creditor, or some
one acting for him, or, if made to a third person, must be calcu-
lated and intended to influence the action of the creditor." It can
hardly be doubted but that Michael Warner intended and expected
that the plaintiff would avail himself of the benefit of the pro-
vision incorporated in the deed for his benefit, and that his
action would be influenced accordingly. (See, also, *Winterton* v.
*Winterton*, 7 Hun, 230 ; *Morrow* v. *Morrow*, 12 id., 386 ; *Ross* v.
*Ross*, 6 id., 80.) The provision of the Code referred to has not
changed the rule in regard to what will be required to constitute
the acknowledgment of a debt sufficient to take the same out of
the operation of the statute of limitations, but merely requires that
such sufficient acknowledgment or promise shall be in writing, sim-
ply changing the character or grade of the evidence by which the
fact must be established. In *Shapley* v. *Abbott* (42 N. Y., 447)
Judge EARL remarks: " The only effect of this section is to require
that to be proved by writing which could before be proved by
parol." As to what will constitute a sufficient acknowledgment or
promise to avoid the statute, the learned judge remarks, at page
446 : " It would only have been necessary for the plaintiff to show
an unconditional acknowledgment of the existence of the debt, and
this could have been shown by proof of a direct acknowledgment,
or by proof of facts from which it could be properly inferred."
In *Van Keuren* v. *Parmelee* (1 N. Y., 531) Judge BRONSON says:
" There must, at the least, be a plain admission that the debt is due,
and that the party is willing to pay it." (*The First National
Bank of Utica* v. *Ballou*, 49 N. Y., 155 ; *Smith* v. *Ryan*, 66 id.,
352 ; *McNamee* v. *Tenny*, 41 Barb., 495 ; *Anderson* v. *Sibley*, 15 N.
Y. Week. Dig., 382.) The deed executed by Michael Warner con-
tained a clear acknowledgment of his indebtedness to the plaintiff,
coupled with a provision for its payment. The real estate con-

veyed was expressly charged with such debt and the grantees expressly agreed to pay the same. Regarding the entire arrangement, I cannot doubt but that Michael Warner not only intended to acknowledge the indebtedness to the plaintiff and to provide for its payment, but also desired and expected that the plaintiff would be informed thereof by the grantees in such deed. The deed was recorded in the clerk's office of the county of Rensselaer on the 5th day of April, 1875, three days after its date. Michael Warner undertook to provide for the payment of the plaintiff's claim in a particular manner, and we must assume that he understood and intended the legal effect of the acknowledgment which he thus made. Certainly there is no evidence that he attempted to restrict his liability to the plaintiff. On the contrary, the plaintiff is presented in the light of a favored creditor. There is nothing in the case to show but that the indebtedness of Michael Warner to the plaintiff was voluntary and in all respects just. The legal effect of this transaction seems to me quite unlike that of an ordinary voluntary assignment for the benefit of creditors, and quite distinguishable from a case where a debt is merely included in the inventory of a debtor in bankruptcy, for the reason, among others, that this seems to savor more of a personal transaction. The plaintiff should have judgment in this action.

Judgment affirmed at the General Term, on the opinion of Judge INGALLS, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

So ordered.