### ALLEN v. TRISDORFER.

*(Common Pleas of New York City and County, General Term. February 6, 1888.)*

LIMITATION OF ACTIONS—SUBSEQUENT ACKNOWLEDGMENT.

A letter to his creditor, in which a debtor says that he still intends to pay the debt; that he will pay as soon as he can; that he cannot prevent a suit, as the claim is just, but that the money will not be paid any sooner by that method, as he does not dispute the claim,—is such an acknowledgment of the debt, within Code Civil Proc. § 395, as will take the case out of the operation of the statute of limitations.[1]

Appeal from city court, general term.

Action by Horatio P. Allen against Henry Trisdorfer. The general term of the city court reversed a judgment of the special term, and plaintiff appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Wager & Acker*, for appellant. *Allen, Talmage & Allen*, for respondent.

PER CURIAM. This case having been so thoroughly discussed and examined in the court below, it seems unnecessary to do more than state the conclusion reached by the court upon this appeal. The rent sued for was due

---

[1] Respecting the sufficiency of an acknowledgment of a debt, or new promise to pay the same, to toll the statute of limitations, see Spangler v. Spangler, (Pa.) 15 Atl. Rep. 436, and note; Stout v. Marshall, (Iowa,) 39 N. W. Rep. 808, and note; Howes v. Lynde, (Mont.) 19 Pac. Rep. 249, and note; Drake v. Sigafoos, (Minn.) 40 N. W. Rep. 257; Holberg v. Jaffray, (Miss.) 5 South. Rep. 94, and note; Erpelding v. Ludwig, (Minn.) 40 N. W. Rep. 829; Gathright v. Wheat, (Tex.) 9 S. W. Rep. 76, and note; Shaeffer v. Hoffman, (Pa.) 4 Atl. Rep. 39, and note; Painter's Appeal, (Pa.) 6 Atl. Rep. 477, and note.

April 1, 1879. The suit for its recovery was not commenced until August 23, 1886. The statute of limitations was interposed as a defense, and the sole question to be decided is whether or not the following letter, written and sent by the defendant to plaintiff's agent, takes the case out of the operation of section 395, Code Civil Proc.: "N. Y., March 3rd, 1881. Aug. H. Allen, Esq., 320 Broadway—Dear Sir: Yours of the 24th inst. came to hand, and in reply would say that, when I made you the promises, I honestly intended, and still do intend, to pay you amount due you, but I trust you will believe me when I tell you it was utterly impossible, up to this time, to do so, and can only again say that I will pay you as soon as I possibly can. Of course, if you wish to sue me, I cannot prevent you, as the claim is just; but I fail to see that you will be paid any sooner by that method, as I do not dispute your claim. Hoping you will have a little more patience, and that you may soon hear from me, I remain, yours truly, H. TRISDORFER."

We think the letter in question explicitly shows an unqualified acknowledgment in writing of the existing debt, as well as an unconditional promise to pay the same. It has the same effect as if the defendant on March 3, 1881, had given his note of hand to pay the debt. The fact that the acknowledgment and promise were made prior to the expiration of the six-years limitation of the statute cannot destroy the legal effect of such acknowledgment and promise. The letter of March 3, 1881, added nothing, and could not have increased the liability of the defendant then existing. Its evident intention was to secure to the plaintiff the ultimate recovery of his debt.

We have examined the authorities cited upon the brief of the counsel for the defendant, and find in each case the acknowledgment and promise were conditional in character and result. The case at bar is not within the line of those authorities. As before stated, it is not necessary to review them in detail. We have reached the conclusion that the judgment of the general term should be reversed, with costs, and that of the special term affirmed; and that, upon the stipulation given, judgment absolute is hereby ordered against the defendant.

### ON MOTION FOR REARGUMENT.

#### (April 1, 1889.)

PER CURIAM. The writing signed by the defendant contained an acknowledgment of the debt wholly independent of the promise to pay, and not coupled with such promise. After saying that he honestly intended, and still does intend, to pay plaintiff the amount due him, but that he trusts that plaintiff will believe him when he tells him that it was utterly impossible up to that time to do so, and that he can only say again that he will pay as soon as he possibly can, defendant goes on to say: "Of course, if you wish to sue me, I cannot prevent you, as the claim is just; but I fail to see that you will be paid any sooner by that method, as I do not dispute your claim." It is evident from this latter part of his letter that defendant wishes to make an acknowledgment of the justice of the claim wholly distinct from his promise to pay it, and upon such independent acknowledgment the plaintiff was entitled to recover. There may be in the same writing an acknowledgment and a promise, and if they are distinct, and must be so read, the acknowledgment will support a present action, notwithstanding the promise is conditional. If the promise were coupled with the acknowledgment, it would be otherwise. The motion should be denied, with $10 costs.