## WILLIAM C. CUDD, RESPONDENT, v. RHYS GWESYN JONES, APPELLANT.

*Statute of limitations — new promise — what is a sufficient "acknowledgment."*

After the statute of limitations had run against a promissory note one of the makers wrote to the payee a letter, in which he said he was sorry he was unable to pay the note; that he never had any benefit from the money; that he had been paying on similar notes; that he did not admit any liability except that his name was on the note; that he believed the money was loaned on his credit; that it was difficult for him to pay; that he would be glad to meet the payee and do all he could for the sake of peace; that many had accepted upon their notes a part of the amount thereof, and concluded by asking what the payee would take for the note.

*Held*, that, within section 395 of the Code of Civil Procedure, the letter was sufficient evidence of an "acknowledgment" to justify the court in submitting the case to the jury.

*Semble*, that it was a recognition of the debt sufficient to take the case out of the statute.

That while there was no expression of a willingness to pay, there was nothing inconsistent with an intention to do so.

That a statement of an inability to pay did not destroy the effect of the letter as an acknowledgment.

Appeal by the defendant Rhys Gwesyn Jones from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 15th day of January, 1891, upon a verdict for the plaintiff for $795.19, after a trial at the Oneida Circuit before the court and a jury, with notice of an intention to bring up for review upon such appeal an order, entered in said clerk's office on the 15th day of January, 1891, denying a motion for a new trial.

The action is upon a note of which the following is a copy:

" $500. Utica, N. Y., *Jan.* 1st, 1874.

" One day after date, we promise to pay to the order of Ann Owens, five hundred dollars, with use, at Welsh Land and Emigration of America office, 104 Genesee St., Utica, N. Y.

"RHYS GWESYN JONES, *Pres.*

"Value received." "DAVID T. DAVIS, *Treas.*

In defense the defendant set up the statute of limitations, and that the note was given and received as the corporate note of a corporation called " The Welsh Land and Emigration Society of America," of which the defendant was the president and David T. Davis the treasurer.

To avoid the effect of the statute the plaintiff relied on a letter written by defendant to the assignor of plaintiff before she transferred the note. The letter is as follows:

"Utica, N. Y., *December* 8th, 1887.

" Mrs. Ann Thomas :

" Dear Friend.— I am very sorry that I am not able to comply with your wish to pay the note due to you from David T. Davies. I never saw the money, and never had any benefit from them. Besides your money, there are other notes of about ten thousand dollars due, without any money to meet them. It was necessary for me to borrow near one thousand dollars to get things to a level, after coming back from California. I have been paying them in five or six pounds a month. I shall finish them by next April if I will have health. Though I do not confess that I am under any obligations for the money you loaned David T. Davies, further than that my name is on the note, which is also true of many other notes that persons have in America. They know that I have nothing to pay with, and for that they do not ask. I believe that the Rev.

Mr. Owen would not have loaned the money, only that it was for me to sign the note, and I would not have done so, only I believed Mr. Davies was rich and honest. Both of us have been unlucky in meeting him. No doubt that it is difficult for you to lose the money, and it is difficult for me to pay them. I would be very glad to meet with you and do all I can for the sake of peace. Many have received part of the debt from me. How much will you take for the notes, I send you five pounds a month from the beginning of next May? Will you take forty pounds? The whole I will pay will be a loss to me, you must lose some, so we will be friends again.

"R. G. JONES."

At the close of the plaintiff's evidence the defendant moved for a nonsuit upon the ground that there was nothing in the letters submitted in the nature of a promise to pay the note in suit. This motion was denied and defendant excepted. At the close of the evidence the defendant asked the court to direct a verdict for the defendant on the ground that there was no evidence in the case to take the note out of the statute of limitations. The court denied the motion and the defendant excepted.

*A. M. Beardsley* and *John D. Griffith*, for the appellant.

*Jones & Townsend*, for the respondent.

MERWIN, J. :

The questions litigated upon the trial of this case were whether the defendant was personally liable on the note and whether the defendant had made any acknowledgment or promise sufficient to avoid the bar of the statute of limitations. No point is now made upon the first question. The sufficiency of the evidence on the second question is attacked as well as some rulings on the admission of evidence.

In the course of the trial the plaintiff produced and offered in evidence five letters, written by the defendant to plaintiff's assignor, dated, respectively, June 24, 1878, July 16, 1879, September 29, 1880, October 1, 1883, and December 8, 1887. These were objected to as immaterial and incompetent. The objection was overruled and the letters received in evidence. The defendant now claims it was error to receive the first four letters, as those were written more

than six years before the commencement of the suit, and, therefore, inadequate to relieve the bar of the statute. Assume they had no bearing on that question, they were material on the other question as to whether the note was given and received without design to make the defendant personally liable. It was, therefore, not improper to receive them.

The defendant also claims that it was error to receive in evidence the letter of December 8, 1887, on the ground that it was an offer to compromise. This ground of objection was not taken at the trial. It was in the nature of a privilege and should have been raised there. (See *Stevens* v. *Brennan*, 79 N. Y., 255; *Hoyt* v. *Hoyt*, 112 id., 495, 514.) The objection as made was that the letter was immaterial and incompetent. Upon this being overruled no exception seems to have been taken. The defendant is, therefore, not in a position to claim error in the reception of the evidence. The effect of the letter, assuming it to be properly in evidence, is, however, another question and may be properly considered in determining whether the court erred in refusing to direct a verdict for the defendant.

The theory of the defendant is that the letter does not " acknowledge an indebtedness by the defendant on a note from which a willingness or intention to pay can be inferred." The case of *Creuse* v. *Defiganiere* (10 Bos. 122), is cited. In that case it was held that a letter written by a debtor, in effect acknowledging the existence of an indebtedness and proposing a compromise, but distinctly indicating an unwillingness to pay and a determination to pay nothing if the offered compromise be rejected, is not such a recognition of the debt as will take it out of the statute. The cases of *Manchester* v. *Braedner* (107 N. Y., 346) and *McNamee* v. *Tenny* (41 Barb., 495) are also cited. In the Manchester case the general doctrine is said to be that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it. In the McNamee case it was held that the acknowledgment need not express an intention to pay the debt. In that case the defendant, evidently referring to a design to take the benefit of the two-third act, wrote the plaintiff as follows: " I have been working at my matters since you was here, and find that I can

get two-thirds of my indebtedness off, but dreading to take the act for the name of .it, I have come to the conclusion that I would borrow of my friends, providing that I can make a satisfactory arrangement. I propose to pay all my creditors twenty per cent cash on the original notes or bills; that is the best I can do and that is more than I can do without help." He soon after wrote again that he made the same offer to all alike, and that if he could not make it a general thing he should try the other way; that he could raise enough to pay the twenty per cent and make a final settlement, and stated the amount which at that rate would be coming to plaintiff. These letters were objected to on the ground, among others, that they were offers of compromise, but the objection was overruled and exception taken. A verdict was ordered for the plaintiff, thereby, in effect, holding that the letters constituted a sufficient acknowledgment, and this was sustained at General Term. This case is somewhat adverse to the contention of the appellant.

There are some early cases indicating that the acknowledgment should express a willingness to pay. A different conclusion is reached by DAVIES, J., in *Henry* v. *Root* (33 N. Y., 534), upon a review of the cases upon that subject. In *Kincaid* v. *Archibald* (73 N. Y., 193) it is said that if the writing contains either a promise or acknowledgment, it is sufficient.

The latest enunciation that we have been referred to of the rule on this subject is in the Manchester case above referred to. Upon that basis, the question here is, whether, in the letter of December 8, 1887, there is anything inconsistent with an intention on the part of defendant to pay the debt. The defendant, in that letter, in substance, admits his liability on the note, and that it is unpaid. There was, therefore, an existing obligation. He says he had none of the money himself, and in that sense, as it may be argued, was not under any obligation for the money. Still he says, in substance, that the money was loaned upon his credit. He says it is difficult for him to pay; he does not say he will not pay, and does not intimate that he has any defense. On the contrary, he says at the start that he is sorry that he is not able to comply with the wish of the holder of the note for payment. He, in conclusion, asks how much she will take for the notes, and makes an offer. Did this offer stand alone, there would be force in the suggestion that it would

not be a sufficient acknowledgment. The letter is, however, to be taken as a whole. There was no controversy between the parties or any dispute as to the amount of the debt. The previous correspondence showed this. In the letter of September 29, 1880, he had said he would pay her every cent.

It has been held that a statement of inability to pay anything does not destroy the effect of an acknowledgment otherwise sufficient. (*De Forest* v. *Hunt*, 8 Conn., 179 ; *Chidsey* v. *Powell*, 91 Mo., 622.) It might be otherwise if there was a refusal to pay.

In the present case we think the letter of December 8, 1887, furnished sufficient evidence of an acknowledgment by defendant of an existing debt against him upon the note, and that it should not be said, as matter of law, that the letter contained anything inconsistent with an intention on the part of the defendant to pay it, or that, in effect, nullified the acknowledgment there made. The relations of the parties and the surrounding circumstances were, to some extent, shown, and if the intention of defendant was material, there was evidence sufficient to make it a question of fact to be passed upon as such. It follows that the motions of the defendant for a nonsuit and for a verdict in his favor were properly denied. No point is made as to the manner of the submission of the case to the jury.

The judgment should be affirmed.

MARTIN, J., concurred.

HARDIN, P. J. :

Section 395 of the Code of Civil Procedure provides that "an acknowledgment" contained in a writing is the only competent evidence to take a case out of the statute of limitations. "An acknowledgment" of the debt by the defendant is made manifest by his letter : "It was a distinct recognition of the existence of the debt." (*Anderson* v. *Sibley*, 28 Hun, 18.) It was said in *Allen* v. *Trisdorfer* (4 N. Y. Supp., 896) that upon such "an acknowledgment the plaintiff was entitled to recover."

I concur in the opinion of MERWIN, J., and favor an affirmance.

Judgment and order affirmed, with costs.